

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

June 7, 1972

Honorable David Wade, M.D.
Commissioner, Texas Department of
  Mental Health and Mental Retardation
P. O. Box 12668, Capitol Station
Austin, Texas   78711

Opinion No. M- 1155

Re: Authority, if any,
    of Texas Department
    of Mental Health and
    Mental Retardation
    to make payment in
    cash to its employees
    who are subject to
    the federal Fair
    Labor Standards Act
    for authorized over-
    time, and related

Dear Dr. Wade:

questions.

          In your recent request for an opinion of this office,
you submitted the following questions:

          "1.   Is the Texas Department of Mental Health
    and Mental Retardation authorized to make payment
    in cash to its employees who are subject to the
    provisions of the Fair Labor Standards Act for
    authorized overtime?

          "2.   Is the Texas Department of Mental Health
    and Mental Retardation authorized to make payment
    in cash to the appropriate person for authorized
    overtime properly accrued to an employee at the
    time of his death or separation from employment
    with this Department?

          "3.   If the answer to the aforesaid questions
    is in the affirmative, then from what appropriated
    funds may such cash payments be made?"

-5635-

Your first question is answered in the affirmative.

Article III, Section 44 of the Texas Constitution provides, in part, that

"The Legislature shall . . . /̲not̲/ grant, by appropriation or otherwise, any amount of money out of the Treasury of the State, to any individual, on a claim, real or pretended, when the same shall not have been provided for by pre-existing law."

Pre-existing law for the payment of base salary plus overtime for your employees covered by the provisions of the Fair Labor Standards Act is supplied by the 1966 amendments to that Act. See Attorney General's Opinion No. M-341 (1969).

The authority for paying overtime in cash is provided in Article V, Section 2, Subdivision d, of the current General Appropriations Act (S.B. 11, Acts 62nd Leg., R.S. 1971, as amended by S.B. 7, 62nd Leg., 1st C.S., 1971, P. V-32, 3793). Subdivision d reads, in part, as follows:

". . . . Provided, however, that any agency or institution, subject to the Fair Labor Standards Act, as amended, is authorized to reimburse employees for all authorized overtime by granting compensatory time as specified above or by paying money from funds appropriated by this Act at the rate of 1½ times the regular rate for the overtime performed."

Your second question is answered in the affirmative. The authority to make payment in cash is set out in our answer to your question No. 1. Your question asks whether you have authority to include payment for authorized overtime properly accrued at the time of death or separation of the employee from employment with the department.

Overtime pay is not a separable stipend. It is part and parcel of the compensation called for in the employee's

contract, and is properly payable, if accrued, at the time the base pay is paid. The employee has a vested right in overtime pay the moment it accrues under his contract of employment.

Your third question brings into consideration Section 6 of Article VIII of the Texas Constitution. That section provides that no money shall be drawn from the Treasury but in pursuance of specific appropriation made by law.

In our opinion the necessary specific appropriation for overtime pay is provided by the same appropriation that provides for regular pay of the employee. The designation given this sum will no doubt vary from institution to institution. Each employee's warrant, including his overtime, should be charged to that fund.

See National Biscuit Co. v. State, 135 S.W.2d 687, page 693 (Tex.Sup. 1940), wherein it was said:

> "As just stated, one of the provisions of Section 6 of Article 8 of our Constitution requires all appropriations of money out of the State Treasury to be specific. It is settled that no particular form of words is required to render an appropriation specific within the meaning of the constitutional provision under discussion. It is sufficient if the Legislature authorizes the expenditure by law, and specifies the purpose for which the appropriation is made. . . ."

Conceivably an institution which had not planned on paying in cash for overtime might run low on funds in the item to which salary and overtime are charged. There is some measure of relief in Article II, Section 15, Subdivision c, of the Current General Appropriation Act (S.B. 11, Acts of 62nd Leg., R.S. 1971, as amended by S.B. 7, 62nd Leg., 1st C.S. 1971, P. II-48, 3489), which reads as follows:

"c. It is the intent of the Legislature that the appropriations made herein to the Department of Mental Health and Mental Retardation and to institutions and agencies under its jurisdiction shall be expended as nearly as practicable for the purposes specified; however, upon a finding by the Board of Mental Health and Mental Retardation that any funds in excess of the needs for which they were appropriated could be used more efficiently and effectively for other purposes for which appropriations have been made, said Board is hereby authorized to transfer any such excess from one item of appropriation to another.

"It is provided, however, that no such transfer shall be made from appropriations for salaries of classified positions."

## S U M M A R Y

The Texas Department of Mental Health and Mental Retardation is authorized to make payment in cash to its employees who are subject to the provisions of the Fair Labor Standards Act for authorized overtime.

The Texas Department of Mental Health and Mental Retardation is authorized to make payment in cash to the appropriate person for authorized overtime properly accrued to an employee at the time of his death or separation from employment with this Department.

Payment of overtime shall be made from the same fund or account to which appropriation is made for payment of the employee's base pay.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by James S. Swearingen
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

John Reeves
Michael Stork
S. J. Aronson
Robert Lemens

SAMUEL D. MCDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant